No. 15,498.

GARCIA *v.* BEST, WARDEN.
(150 P. [2d] 864)

Decided June 19, 1944. Rehearing denied July 31, 1944.

Mr. E. V. HOLLAND, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS proceeding involves an application for a writ of habeas corpus.

It appears that December 4, 1939, plaintiff in error, convicted of a felony, was sentenced to the state penitentiary for a term "not less than one year or more than ten years"; that October 6, 1940, he became eligible for parole, and, subject to the requirements that he "abstain from crime," etc., was released thereon; that May 12, 1941, he was convicted of the crime of burglary without force, and sentenced to serve a term of not less than three years and eleven months and not more than four years in the state penitentiary; that September 12, 1941, the Governor ordered revocation of the parole order of October 6, 1940; that October 30, 1943, he was released on parole for the second conviction, but his imprisonment was continued under his first sentence; that December 18, 1943, petition for a writ of habeas corpus was filed containing a prayer that he be restored to liberty; that December 23, 1943, defendant in error filed his answer to the petition, and February 7, 1944, the application for the writ was denied.

The contention of counsel for plaintiff in error is, that since Garcia has served "full time and been paroled for the second conviction," the requirement that he "serve the unexpired term of the first parole * * * is equivalent to requiring the applicant to serve a double sentence, or pay a double penalty for an offense that constituted a basis for the revocation of the first parole."

We are not persuaded to that view. Plaintiff in error

was convicted of two crimes. Before he became involved in the second prosecution, he had so demeaned himself that on completion of the minimum time of the sentence for the first one, he was in the enjoyment of conditional release or parole. Subsequent to his second conviction, the Governor, reciting the fact and the extent of the sentence therefor, and proceeding pursuant to statute, revoked his parole and directed the warden to retain him "in the penitentiary to serve the remainder of his sentence" for the first conviction. '35 C.S.A., c. 48, §§548, 550 and 558.

The sole predicate for the penalty imposed as the result of the second conviction of plaintiff in error, was the offense involved there; and his parole in relation thereto was the result of his good conduct while serving that sentence. That the Governor based his revocation of the parole granted in the first conviction on the fact of the second one, is wholly incidental. The embarrassment of plaintiff in error arises from the fact that his second conviction entailed not only the penalty which was imposed therefor, but constituted as well statutory basis for revocation of his first parole. His two offenses are unrelated, as are the penalties. See, *Zerbst, Warden v. Kidwell,* 304 U.S. 359, 58 Sup. Ct. 872, 82 L. Ed. 1399.

In computing the term of further incarceration of plaintiff in error under the first conviction, the penitentiary authorities will observe the Attorney General's concession that from the date of revocation of the first parole the sentence there ran concurrently with the one being served for the second conviction.

Let the judgment be affirmed.